UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:19-CR-103-GFVT

UNITED STATES OF AMERICA, PLAINTIFF,

V. **RECOMMENDED DISPOSITION**

SHANE SMITH, DEFENDANT.

The defendant appeared before the undersigned for a final revocation hearing on charges of violating supervised release. At the final hearing, the defendant was present and represented by counsel. He expressed his desire to stipulate to violations 1, 2 and 3, upon his agreement with the United States that violation 1 would not involve admitting to DUI, resulting in violation 1 being reclassified from a Grade B to a Grade C violation. As a result, the Defendant was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing. In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment. Then, in the presence of and with the advice of counsel, he admitted to violating the conditions as charged in a knowing, intelligent, and voluntary way.

**NATURE AND CIRCUMSTANCES, HISTORY AND CHARACTERISTICS**

In considering the nature and circumstances of the instant offenses and the Defendant's history and characteristics, the court finds the following relevant.

The Defendant is 52 years of age. Following high school, he attended community college but did not complete his course of study. He has worked for his father in the construction industry,

and reports that he has engaged in the work of a builder/remodeler. He has an extensive history of substance abuse, as listed in his pre-sentence investigation report.

On March 9, 2020, he appeared before the Court and was sentenced to seventy-two (72) months imprisonment, with a five (5) year term of supervised release to follow after pleading guilty to violations of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1) and 841(b)(1)(B): Distribution of 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, Aiding and Abetting.

On July 14, 2023, he was released from the Bureau of Prisons to begin service of his five (5) term of supervised release in the Southern District of Florida (SD/FL), which is scheduled to expire on July 13, 2028.

According to the United States Probation Office (USPO) in the SD/FL, upon commencement of supervision, he did not meet the criteria for substance abuse treatment; therefore, he was place on "Code-A-Phone", an intensive random drug testing program. The USPO in the SD/FL reported that the defendant has not had any positive drug tests while on supervision.

However, on March 2, 2025, he was arrested in Jupiter, Florida. At the final hearing, he admitted that on the evening of March 2, 2025, in Jupiter, Florida, he used alcohol, refused to submit to drug/alcohol testing at the scene as required by law, and was operating his vehicle in violation of conditions requiring that he only operate a vehicle, which was subject to an interlock device, for business purposes. Finally, he failed to report the questioning and arrest to his supervising probation officers. As a result, he is guilty of violating the following conditions of supervision:

2

**Violation #1: Mandatory Condition #1: You must not commit another federal, state, or local crime.** This is a **Grade C violation.**

**Violation #2:  Special Condition #1: You must abstain from the use of alcohol. This is a Grade C Violation**., and

**Violation #3:  Standard Condition #9: If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours. This is a Grade C Violation**.

## SENTENCING CONSIDERATIONS

The Defendant's history of criminal activity began at the age of 18 and continued largely uninterrupted up to the present. His Criminal History Category of VI is the result of convictions for crimes such as theft, at least one weapons offense, drug and/drug paraphernalia related offenses, driving offenses including but not limited to driving under the influence of intoxicating substances, and refusal to submit to substance use testing.  His most serious violation in this case is a Grade C, violation. Considering his criminal history category of VI, the sentencing guidelines recommend that he be incarcerated for a time between 8-14 months, with 36 months of supervision to follow.  The maximum period of incarceration allowed under 18 U.S.C. 3583(e)(3) is 36 months, with supervised release between 48 months to life.

In fashioning a recommendation, the Court considers the information above, in addition to the letters filed in his support. [R. 104].  In addition, the Court considers Smith's own statements, which evidence a lack of candor toward the Court, as during the proceeding, he experienced some difficulty admitting that he had used alcohol in violation of his conditions of release.

He expressed a desire for an opportunity to be re-released to supervision, but his extensive and lengthy criminal history and current violation conduct do not indicate a willingness to comply

3

with the law in general or with conditions of supervision. Consequently, the Court finds nothing to justify a below guidelines sentence and will recommend a sentence at the high end of the guidelines with a period of incarceration for 14 months, followed by 48 months of supervision. This recommendation is calculated to recommend an outcome that recognizes the seriousness and length of the defendant's criminal history, his prior conviction in this case, the time he was on release prior to the present violation conduct and the need for the sentence to act as a deterrent to future criminal conduct and protect the public from further crimes that he might be inclined to commit. The Court has considered his request for a lighter sentence, but finds little in his personal or criminal history, or present offense conduct to justify such a result.

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by his own admission, and therefore has been proven by a preponderance of the evidence. Therefore,

IT IS RECOMMENDED:

(1) That the Defendant be found guilty of Violations 1, 2, and 3.

(2) That his supervision be revoked;

(3) That he should be sentenced to a period of 14 months incarceration with 48 months of supervised release to follow, upon release from incarceration.

(4) Absent any waiver of a final hearing before the presiding judge, the matter should be scheduled for a final hearing for purposes of allocution and sentencing before the presiding Judge.

(5) Should the defendant file a waiver of final hearing before the presiding judge into the record **WITHIN FOURTEEN DAYS** evidencing a knowing, intelligent and voluntary relinquishment of his right of allocution in this action, his supervision should be revoked, and he be sentenced. Finally, specific objections to this Report and Recommendation must be filed within **FOURTEEN BUSINESS DAYS** from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749ʙ50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 17, 2025.



Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**