UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 5:19-cr-00103-GFVT-EBA |
| | ) | |
| v. | ) | |
| | ) | |
| SHANE SMITH, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on reports of alleged violations by Defendant Shane Smith of his supervised release conditions. Magistrate Judge Atkins held a final hearing on the report and issued a Recommended Disposition. [R. 105; R. 106.] Mr. Smith objected to Judge Atkins' Disposition. [R. 107.] This Court held an allocution hearing, during which it considered arguments relating to the Recommended Disposition. For the reasons that follow, the Recommended Disposition **[R. 106]** will be **ADOPTED** and the Objection **[R. 107] OVERRULED.**

**I**

Mr. Smith was convicted of violations of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1) and 841(b)(1)(B): Distribution of 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, Aiding and Abetting. In March of 2020 he was sentenced to seventy-two (72) months imprisonment, with a five (5) year term of supervised release to follow. He began that supervised release period upon his July 14, 2023, release from the Bureau of Prisons.

On March 2, 2025, Mr. Smith was arrested in Jupiter, Florida after refusing to submit to

alcohol testing upon being pulled over.  Before Judge Atkins, Mr. Smith admitted to the following violations of his supervised release conditions: committing another federal, state, or local crime (by refusing the breathalyzer); failing to abstain from the usage of alcohol by drinking at dinner with his wife; and failing to report his arrest to his probation officer within 72 hours.

## II

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive her rights to appeal.  In order to receive *de novo* review by this Court, any objection must be specific.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic."  *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)).  A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy.  *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Smith, through counsel, has objected to the recommended sentence.  [R. 107.] Specifically, he argues that it was excessive to "go beyond the recommended supervision length of 36 months to 48 months."  *Id.*  at 2.  More generally he objected to the recommended sentence as a whole as too severe.  Mr. Smith's objection is sufficiently definite to trigger this Court's obligation to conduct a *de novo* review.  *See* 28 U.S.C. § 636(b)(1)(c).

At the Allocution Hearing in this matter, the Court heard argument from the United States and defense counsel.  Mr. Smith also exercised his right of allocution, wherein he

requested that his supervision conditions be modified to allow him to engage in work-related international travel.  At the conclusion of the hearing, this Court took the objection under advisement.  *Id.*  On *de novo* review, the Court finds that Judge Atkins' recommended sentence is appropriate.  The Court carefully considers the factors identified in 18 U.S.C. § 3583(e), taking note of the Supreme Court's recent decision in *Esteras v. United States*, 145 S. Ct. 2031 (2025) which clarified that sentencing courts should not consider the factors identified in 18 U.S.C. § 3553(a)(2)(A) when imposing a sentence based on supervised release violations.

Mr. Smith's criminal history demonstrates consistent issues with substance abuse, particularly alcohol.  He has had numerous run-ins with the law, many of which involved DUIs, public intoxication, and other violations of driving conditions.  He is now before the Court for more of the same, having violated his conditions of release by drinking alcohol, refusing a breathalyzer, and then failing to report the incident to probation.  These violations were conscious choices made by Mr. Smith, some of which reflect an attempt to evade being held accountable.  While the Court is sympathetic to Mr. Smith's efforts to change his ways, and is hopeful that he will stick to the goals he expressed before the Court at his allocution, the sentence recommended by Judge Atkins fairly takes into account Mr. Smith's personal characteristics.  That sentence will serve to afford adequate deterrence to future criminal conduct – by Smith or others – and will protect the public from further similar violations Mr. Smith may be inclined to commit given his history.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

1. The Defendant's Oral Motion to Modify Conditions of Supervision made at his Allocution Hearing on July 14, 2025 is **DENIED**;

2.  The Defendant's Objections to Magistrate Judge Atkins' Recommendations **[R. 107]** are **OVERRULED**;

3.  Judge Atkins' Recommended Disposition **[R. 106]** is **ADOPTED** as and for the Opinion of the Court;

4.  Defendant Shane Smith is **ADJUDGED** guilty of Violations 1-3;

5.  The Defendant's supervisory period is **REVOKED** with a term of incarceration of **fourteen (14) months** imprisonment; and

6.  Following his term of imprisonment, Defendant Smith **SHALL** be placed back on supervised release for **forty-eight (48) months**, subject to the same conditions previously imposed.


This the 14th day of July, 2025.


Gregory F. Van Tatenhove
United States District Judge